tell us about that. We'll just move on to it. Thank you. May it please the court. The district judge applied what I'll call the Caruth versus Smith or the Smith exception to the rule enunciated in Lizarrazo that the 90 day clock starts only when personal service of the suggestion of death is made either on successors, representatives, or non-parties. It is our position that what I'll label the Smith exception to personal service, the judge arrived at the conclusion of futility on a record that does not support the finding of futility. In Smith, the court apparently, that district judge came to the determination of futility after approximately a year elapsed between the suggestion of death there until the court ultimately dismissed it. This case, the court reached for the Smith exception within a hundred days after the filing of the suggestion of death. Moreover, here the notion that the exception applied, that was first raised only in response to a motion for the decision to dismiss after the 92nd day. Further, if this court were hypothetically to affirm the district court on the authority of Smith and specifically the exception to the service rule on these facts, the exception would swallow the rule. Here, the futility was arrived at, as I mentioned, only after a hundred days. Here, there certainly were individuals who qualified. I mean, this seems to me there's a clear deadline that the district court communicated that wasn't satisfied. In 90 days, the court said that up front, reiterated it, explained how substitution for the death of the party could could occur under Alabama law, what was necessary to do. Those steps were not taken. The deadline passed and so the question about whether you needed to serve other parties who were strangers to the lawsuit and had no legal authority to act as substituted parties, to me, seems to be one where there's no requirement in law that that service on those non-parties occur. What am I missing? Respectfully, the facts in Lizarrazo are such that there, the court specifically noted that service, personal service of the suggestion of death, was on an individual, Lizarrazo's father, who at that point was not yet named the personal representative. It seems that in Lizarrazo, the court established a rule that representatives, successors, or parties with an interest in the outcome must be served and that service requirement applies even if, at the time of the filing of the suggestion, there isn't yet an appointed personal representative. But didn't you have a remedy within that 90-day period? Couldn't you have gone back to the district court and said simply, under 6b of the federal rules of civil procedure, you know, Judge, we need more time? Yes, it's complicated. There are a whole bunch of things going down in Alabama. They're not moving as fast as I would like. 90 days is simply impossible for us to meet. We move under 6b of the federal rules when an act may or must be done with a specified time, the court may for good cause extend the time. You could have done that and did not do that within 90 days. You came back and did it after the time frame had expired, right? Correct, which requires the analysis of excusable neglect. In Lizarrazo... No, but before you get to the issue of excusable neglect and Lizarrazo, and that's somewhat different kind of case, but weren't you able within the time frame to go back to Judge Dimitriles and say, look, we just don't have enough time. You've given us a 90-day window. It doesn't work. We move to extend. Yes, it could have, and particularly since the order handed down by the district court required the actual substitution, not merely the filing of a motion for substitution in 90 days. Here, the seal is filed a motion for substitution within 45 days after the... Right, but the problem there is it was the court rejected. It said it was insufficient, and it was insufficient, wasn't it? Yes, although the way the court framed the order, it certainly appeared that the order now required the fulfillment of the substitution without explicitly reiterating the 90 days. So, yes, the court is correct. An extension of time could have been made under the lesser showing of good cause, but it was not, but we still have the doctrine of excusable neglect in Lizarrazo. I don't see what's excusable about a failure to miss a Was it something that should have been understood from the text of the rule itself, but was twice communicated in orders from the district court? There's a clear deadline here. It was clearly missed. There's plenty of notice, an explanation of how to affect the substitution, what would be necessary under Alabama law to have the personal representative, so you have the right to substitute. None of that happens. How is there an excusable neglect when it's a clear failure to miss a deadline? Well, again, in order to get there, the court overlooked Lizarrazo's personal service requirement. It is our contention that unlike in Riney where there was a clear deadline provided by the rules, this order was ambiguous. It was task-based. It did not explicitly refer back to the 90 days. In Lizarrazo, there was also a failure to timely file a motion for substitution because that counsel misapprehended the outcome of a motion to stay. So there, as here, there is a misreading of a court order, not a clear rule of civil procedure. Moreover, based on the same circumstances, this automatically find that there was inexcusable neglect. I guess where I'm having some difficulty is trying to discern the ambiguity in the trial judge's order. The ambiguity arises because it now became task-based, Your Honor. Right, but the reason I asked the question is if you look at the language the trial judge used, he said any motion for substitution has to be No, but there is an ambiguity when one looks at the fact that there was a motion for substitution filed and the order denying it with prejudice said that this motion is premature to file it, to represent it after the appointment of an administrator ad litem is made. Certainly a reasonable construction 45 days into the 90-day period with a motion being made that there was some reasonable amount of time, not specifically the 45 days, to effect the substitution. I also think that if this court were to abide by its holding in Lizarrazo, it certainly prevents the kind of dislocation and loss of a meritorious case, which seems to be the policy purposes behind the I understand the concern with excusable neglect. I still believe that at a minimum on these facts, a remand is required to determine if there was excusable neglect, although I believe that that question should not be reached and that rather this court should abide by its precedent in Lizarrazo, which has been followed by several district courts, as opposed to ... Aren't we required to view the district court's order denying the motion for an extension of time under 6b for an abuse of discretion? Yes, and it appears that there is that abuse here because this fact pattern is similar to the fact pattern in Lizarrazo. Let me ask you about that. Isn't the difference there that in Lizarrazo it was the plaintiff who had passed away during the pendency of the litigation? Yes. Whereas in this case it's the defendant who passes away. Is that a distinction with or without a difference in your view? Without a difference, although actually it could serve as a fortiori authority to impose the requirement of personal service here. This party, the decedent, had an affiliation with the law firm, had an affiliation with co-defendant. Under Atkins, there is a duty of diligence imposed on the party serving or filing the suggestion of death to find survivors. The district court in Sasser and Jowden applied the Atkins due diligence requirement. Here, if this court is to affirm on Smith, it will swallow up the rule. Right, I guess, but the difference is Atkins concerned an attempt by a non-party who was never served at the suggestion of death to substitute herself for a decedent, the plaintiff, more than 90 days after. That's what we have here, just on the different side. Here it's the defendant that died. But it's not a non-party, that's all I'm saying. My understanding in Atkins is that there were two brothers who claimed to have been victims of police misconduct. One passed and the issue in Atkins was that his widow, who was a non-party, was not properly served with the suggestion of death filed by her late husband's lawyer. The Atkins court characterized the conduct of that counsel as causing confusion, but nevertheless imposed the personal service requirement to alleviate that lawyer of the mistake and indeed reverse the dismissal for that under the authority of Liz Arrazzo and Atkins, this court should reverse for the sheriff's failure to serve the suggestion of death. Thank you. Okay, Miss Linehan. Again, and may it please the court, if there's one point I really want to stress to this panel is this case is indistinguishable from this court's Yeah, but that's unpublished. That is correct, but it is persuasive. Judge Rosenbaum I know sat on both that panel and sat on the Liz Arrazzo case. They're not inconsistent, which I think plaintiff's position is that those two cases are inconsistent. They are not. Liz Arrazzo dealt with whether the district court had the ability to extend the time, to extend the 90-day time afforded under Rule 25. Even so, it's unpublished, so we're not bound by it. Let me ask you something, though, because when I look at the at Rule 25, by its language, it says if a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent, successor, or representative. If the motion is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed. And then it says a motion to substitute together with a notice of hearing must be served on the parties as provided in Rule 5 and on non-parties as provided in Rule 4. A statement noting death must be served in the same manner. So when I look at that, it seems to me the only non-parties it can be referring to are the decedent, successor, or representative, which are noted in Part A1, because otherwise everybody who's not a party is a non-party, and that would be crazy. So it seems like it's saying a statement noting death must be served in the same manner, meaning it must be served on the parties and on the non-parties. Your Honor, I agree with that interpretation. I think the issue is what is a successor or what is a representative? And someone's surviving family members under Alabama law are not per se a successor or representative. Let me ask you this then. If it says it must be served on them, why is it not the case that when the successor or representative, that there need not be a statement made, we're not aware of a successor or representative, in order to be in compliance with Part 2, or sorry, Part 3 of Rule 25A? I don't think the rule requires it. I think you could also just simply look at the Certificate of Service and realize we have a clue to the opposing party that there is no successor or representative yet appointed. Except that it's, that's, well, maybe it does and maybe it doesn't. Maybe it just means there's one that's been appointed but we haven't served them. I mean, that's what the problem here is. Isn't that a problem? Why isn't that a problem? I guess I should ask you. Sure, I mean, simply put, there is no successor or representative here to serve. I understand that, but what I'm saying is, if you, your argument is, you don't have to say there's no successor or representative to serve, because when you look at the Certificate of Service, there's no successor or representative served. But that doesn't tell a person that the reason that there's no successor or representative served is because there is no successor or representative. It could be that just no successor or representative has been served. And so, why is it not necessary since Rule 25A3 says that a statement noting death must be served in the same manner as a substitution notice, meaning that it must be served on parties and non-parties. Why is there no requirement then to say, hey, there's no successor or representative to serve? And if that's the court's position in terms of whether... I'm not saying it's the position. I'm trying to work through this. No, I understand. We certainly did not do that. I don't think the rule requires it. We certainly didn't do it. Now, in this case, though, there is additional correspondence beyond that suggestion of death with my office and with Mr. Seiger's office, in which we inform him there is no personal representative. So, while it might not have been contained in the suggestion of death, there was additional correspondence during the 90 days, I believe it's cited in his initial brief, in which we alert him to the fact that... Right, and that's a great equitable argument. I'm asking whether under the rule, right, is that enough? Is there strict sort of compliance with what the rule perhaps could be construed as requiring? We maintain that we were not required under Rule 25 to serve a non-existent successor or representative, and we were not required to identify for plaintiff that there was no successor or representative for the decedent defendant. And I guess my question is, why is that so? I mean, it sounds like maybe it's just... I rely on, I would, again, I would cite to Powell, I recognize it's unpublished, but that court held that the defendant was not required to serve a non-existent party, and so I think from that, we can gather you don't have to put that in the suggestion of death, that there's not a party that we're serving. Does that answer the question, Your Honor? I mean, I think that's... I'm not sure if it does or it doesn't. I mean, I think that if the rule requires the service and you haven't made the service, then perhaps there is a requirement that you say no service is made on a representative or successor because we are not aware that there is one. I don't know. I mean, that's what I'm trying to work through with you. Certainly, and I think also if, hypothetically, if this had been plaintiff, I mean, a plaintiff actually did die in this case, but let's say the defendant had served a suggestion of death related to plaintiff. I think maybe that absolutely you should identify to plaintiff's counsel or someone that whether there is or is not a successor or representative because they have every interest in keeping the case actively litigated. I think it's a little bit different, and this goes back to Judge Marcus's question, whether there's a difference between whether a plaintiff has died and whether a defendant has died. We submit that there absolutely is a difference. Plaintiff, and this is coming from Atkins and other cases that cite Atkins, that a plaintiff, of course, has every interest in keeping the case actively litigated. A defendant doesn't, and so I think that also, again, speaks back to Powell. Right. That's true, but that is true. Obviously, the defendant would like it to go away, but this is a co-defendant that is making the disclosure, right? And I know that in this case, the co-defendant did not know of the successor or representative, but there are cases where the co-defendant would know of the successor or representative. Well, certainly in those cases, if there was a successor or representative and any party knew, I think that the suggestion of death should, of course, be served on the successor or representative, but again, there was no successor or representative here, and there's never been any evidence that there was, and I don't think plaintiffs is disputing that. I don't think anybody's disputing that either. I mean, it really just comes down to, it seems to me like the rule is written even-handedly, and so whether there might be policy reasons for why it might make more sense in the context of a plaintiff versus a defendant, I don't see any difference in the way the rule is written as it pertains to plaintiffs or defendants. In other words, you have to do the same thing for both, as far as I can tell. There's no reference here to whether the party is a plaintiff or a defendant. And so, since we have to have the same rules in both cases, it looks like from, well, let me ask you this. Maybe you think there is a basis in the rule that I'm missing, as to why you could have a different rule for plaintiffs and defendants, based on the language of the rule. I don't maintain that there's a difference in the rule as to how plaintiff or defendant would be treated. I'm getting that instead from the case law, such as Atkins, where they highlight that a plaintiff or a potential personal representative, quote, has the biggest stake in continuation of the case. And that's when they're discussing how a potential personal representative of the plaintiff should be served with a suggestion of death in order to start the 90-day clock. But that quote, I think that quote is important. The biggest stake in continuation of the case. The defendant, of course, doesn't have that stake. The defendant wants the case to be over. And so, I'm not, I don't think that the rule applies differently to plaintiff or to the defendant. That, instead, is coming from the case law, in particular, Atkins. Thank you. As I understand it, under Alabama law, when the decedent survivors don't apply to administer the state, right, and 40 days pass, they relinquish their right. Yes, they relinquish their priority, correct. After that period, the plaintiff was permitted to apply for letters of administration, right? Yes, Your Honor, correct. All of this was explained to the plaintiff, too, by the district court. Correct, and if you also look at his August 27th motion, premature motion to substitute, he also discusses in that motion the various Alabama rules that you have just quoted. So, he was aware of it before the district court even went back afterwards and brought it again to his attention. So, he was fully aware during the pendency of the 90 days about all of this. And under Alabama law, Yesbeck survivors had no stake in the lawsuit. Correct, Your Honor. And they lacked the legal authority to file a motion to substitute, right? Yes, Your Honor, that is correct. Okay. And to briefly touch upon the excusable neglect argument, the court's August 27th, 2021 order clearly highlighted that the deadline of October 11th, 2021 was still in place. That deadline came and went, and we don't believe the excusable neglect analysis, the pioneer factors apply in this case. Plaintiff's counsel misinterpreted a clear order, and so we believe that it's inexcusable and that the pioneer factors do not apply. If the panel has no other questions, I will rest on my answer brief, and we ask that the court affirm the district court's ruling. Thank you, Ms. Linehan. Mr. Siger, you've saved five minutes. It is. Thank you. The issue of excusable neglect need not be reached if this court applies its precedent in Lizarrazo. Simply put, the 90-day clock would not have started but for the service. The rule of procedure does not make a distinction between plaintiffs and defendants, so presumptively the same rule applies to both, but there is a difference. The defendant, if Lizarrazo's rule of personal service is not applied, can do what takes place here, which is simply to run out the clock, provide a substitution motion, now shifting the burden to the plaintiff to effect a substitution. After the 40 days passed, you could have applied for letters of administration. Understood, and then that speaks to what was the likelihood of getting an administrator ad litem appointed within 45 days. You could have gone back to the district court and said, I need more time. Understood. None of which was done. Right, and at the same time, the order did not explicitly set forth that the deadline remained October 11th. The order denying without prejudice is silent on the deadline. It is task-based. I also want to get to the policy purposes behind Rule 25a, is to prevent meritorious cases from being lost. I do have to dispute the fact that Yazbek's surviving spouse and or adult children could not have qualified as successors. I'm having a hard time following what you said just a moment ago. The original order made clear the October 11th deadline, right? Correct. Then when the district court denied your motion for substitution, it reiterated that earlier deadline, didn't it? Not in my reading, it was task-based. It didn't refer back. It referenced that earlier order, didn't it? Perhaps. But I read it respectfully to not contain the same deadline. The first order said, file a motion for substitution. Even if there had never been an order, the rule itself provides the 90-day deadline, doesn't it? Once the service of the suggestion of death is made by personal service, non-parties, and just to answer one point. Non-party can't be everybody in the world. You're right. Non-parties are confined by Atkins to those who have a financial interest in the outcome. Yazbek's survivors may have. In the absence of letters of administration under Alabama law, those surviving family members have no financial stake in it. To the same extent that Wizarazo's father, when he was not a personal representative, at that point had no interest. But it at least applied for it, right? Not prior to the expiration of the time under the order granting a stay. But as I read Wizarazo in here, there was no motion for substitution made within 90 days. Here there was a motion that was- I guess I was thinking of Atkins. I asked the court to take into account the policy purposes and the holding in Atkins, which was adopted by the Sossin versus- I mean, Jowden versus Sasser, which imposed a duty of due diligence and reminded that at least in this circuit, the clock starts only when- An interesting point that you raise about policy. I just want to quote to you what our court wrote in a non-published, non-binding opinion and ask you about it. Powell reasoned that to insist, quote, that the defendants serve a non-existent, non-party, makes no sense and would create an infinite loop whereby no valid suggestion of death is ever filed because there is no personal representative of the defendant's myth. Yes, and applied to those facts, that might make sense. There was a year that plaintiff's counsel did nothing. However, to engraft the Smith rule here where this judge came to the conclusion that service was futile within 100 days is unwarranted. What this court can do is reverse on the basis of Wizarazo and confine Smith to those set of extreme facts. Yes, there should not be an indefinite delay. Here, the court reached its conclusion after 100 days. Therefore, what we request is a reversal with some explanation that Smith is confined to extreme facts. Thank you, Your Honors. Thank you, Mr. Seiger. The court's going to take a short break for maybe 10 minutes. We're just going to go on recess.